GEORGE BARRETT AND PEOPLE'S WATER COMPANY OF OCEAN CITY, NEW JERSEY, v. OCEAN CITY AND OCEAN CITY WATER COMPANY.

Submitted September 30, 1898—Decided November 7, 1898.

A contract was awarded to the prosecutor upon condition that if a bond were not furnished by a certain day the contract would be re-awarded. At the time fixed, the bond was not forthcoming because of the pendency of a *certiorari*. The contract was thereupon awarded to the defendant corporation. *Held*—

1. That as the prosecutor stands upon the award, it must acquiesce in the condition.

2. That as the condition was without qualification, the prosecutor's reasons for not fulfilling it are immaterial.

3. That the prosecutor was not entitled to a notice of the doing of that to which it had already agreed.

On *certiorari* to review proceedings of the common council of Ocean City.

Before Justices Depue, Van Syckel and Garrison.

For the prosecutor, *William J. Kraft.*

For the defendant company, *David J. Pancoast.*

The opinion of the court was delivered by

Garrison, J. This *certiorari* brings up the action of the common council of Ocean City awarding a contract to the Ocean City Water Company for a water-supply. One of the prosecutors of this writ is the People's Water Company of Ocean City, New Jersey, a rival corporation. The object of this proceeding is to set aside the award to the defendant water company. The ground alleged is that a similar contract had previously been awarded by Ocean City to the prosecutor, the People's Water Company. Upon this foundation the prosecutor bases two claims—*first,* that the city had no power to award the second contract; and *secondly,* that the award was void because it was made without notice to the prosecutor.

The award to the prosecutor, which was the first in point of time, was in these words: "On motion of Breckley, seconded by Steelman, that we award the contract to the lowest bidder, provided that they be required to furnish a trust company bond in the amount of $5,000, for the faithful performance of the contract to furnish Ocean City with water according to the terms of the contract, by the 1st day of June, 1898, and that they be required to furnish the said bond by April 26th, 1898. If said company does not furnish the bond, contract

will be awarded to the next lowest bidder.  So ordered by the following vote : " Ayes, 4 ; nays, 2.

Whatever may be the force of this resolution in other respects, the condition that the bond be furnished by April 26th, 1898, is without qualification.  The prosecutor stands on this resolution, hence must acquiesce in its condition.

On April 26th, 1898, the prosecutor, the People's company, notified city council that by reason of proceedings in *certiorari*, that had been commenced against it, the bond would not be furnished pending the decision of the Supreme Court on the *certiorari*.

As the condition of the award was unqualified, the reasonableness of the prosecutor's conduct or even its compulsory character is without avail.  Nothing short of an act of estoppel would enable the contractor to hold the contract and to repudiate the condition.

Further, the prosecutor was not entitled to any notice, for the reason that it had already agreed that the contract should be re-awarded.  The fact that it was re-advertised, as well, cannot strengthen the prosecutor's position.

The final reason set up for annulling the second contract is that Mark Lake, who was a member of the common council of Ocean City, was also a stockholder in the Ocean City Water Company.  From the testimony in the case the fact appears to be otherwise.

The *certiorari* is dismissed, with costs.